UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KIN LUN INVESTMENT CO. INC.,

*Plaintiff*,

v.

VERG ENTERPRISES, LLC et al.,

*Defendants*.

Civil Action No. 24-361 (TJK)

### MEMORANDUM ORDER

This is the second go-round on establishing damages after the two Defendants, Verg Enterprises, LLC and Steven Graham, defaulted for failing to respond to Kin Lun Investment Co.'s suit. *See* ECF Nos. 13, 14. The Court assumes familiarity with the details of the parties' dispute, which are laid out in its prior Memorandum Order. In the first go-round, Kin Lun sought "a total judgment of $599,351.27" plus "post-judgment interest" from Verg and Graham. ECF No. 15 at 3. The Court denied Kin Lun's motion because the record at that time did "not permit the Court to find with reasonable certainty that Kin Lun is entitled to those damages." ECF No. 16 at 1; *see Hill v. Republic of Iraq*, 328 F.3d 680, 684 (D.C. Cir. 2003) (setting out the standard for damages awarded to "default-judgment winners"). But Kin Lun was invited to file again after "address[ing] the[] deficiencies" in the record. ECF No. 16 at 5.

Kin Lun has now filed a new motion seeking "a total judgment in the amount of $618,743.33" plus "post-judgment interest." ECF No. 17 at 154. Accompanying the motion are several exhibits purporting to bolster the record and establish Kin Lun's entitlement to the amount sought. Unfortunately, the latest motion is once again deficient. Large swaths of asserted damages remain unexplained. And several pieces of proof lack sufficient indicia of reliability. The Court

must thus deny Kin Lun's renewed motion without prejudice a second time, as the Court still cannot determine the full amount of damages sought. Fed. R. Civ. P. 55(b)(2)(B).

Start with the first portion of the damages Kin Lun seeks: missed rent payments between August 1, 2023, and May 1, 2025, summing to $117,236.80. ECF No. 17 at 2. This figure is indeed roughly how much rent would be due between those two dates according to the lease contract between Kin Lun and Vega. But Kin Lun fails to justify the start and end dates. On the front end, the date range appears to be a month early, as Kin Lun "received a late payment of $5,000.00 for the August 2023 rent," which is only "$150 short of the required Monthly Rent amount due." ECF No. 1 at 3. So the amount seems overstated by at least $5,000.

On the back end, Kin Lun gives no explanation at all for why May 1, 2025, is the correct date. In the District of Columbia, "a lease provision giving the re-entering lessor a right to lost rent is construed as creating a right to damages, subject to the mitigation doctrine." *Hart v. Vt. Inv. Ltd. P'ship*, 667 A.2d 578, 587 (D.C. 1995) (quotation omitted). Because the lease between Kin Lun and Vega contained such a re-entry provision, *see* ECF No. 1-1 at 10, and because Kin Lun availed itself of that provision, *see* ECF No. 17-3 at 45–46, the mitigation doctrine precludes Kin Lun from recovering lost rent that "could have been avoided by reasonable effort and without risk of substantial loss or injury." *Hto7, LLC v. Elevate, LLC*, 319 A.3d 368, 380 (D.C. 2024). To collect on lost rent through May 1, 2025, Kin Lun must therefore adduce proof that it could not have rented out the vacant premises before then with reasonable effort. It has not yet done so.

Kin Lun was aware that Vega was in default as early as the fall of 2023 and commenced this action on February 7, 2024. At the time of commencement, Kin Lun had, by its own admission, already been aware for months that it would need to repair the premises before reletting the property. *See* ECF No. 1 at 5. Yet it apparently did not begin repairing the premises until nearly

2

a year later in July 2024—hardly "immediate action," as Kin Lun describes it, at least on this record. ECF No. 17-4 at 4. And, as of June 2, 2025, nearly a year later, it appears that Kin Lun has only "installed temporary braces to shore up the walls of the building pending permanent repairs" and has not yet engaged in any repairs to the exterior or interior of the building. *Id.* at 4–6 (John Williams Declaration describing "Phase 2" exterior and "Phase 3" interior repairs yet to occur). To recover damages for lost rent through May 1, 2025, Kin Lun must return with evidence—which may include a sworn declaration—explaining why this seemingly sluggish timeline amounts to "reasonable effort."

Two other entries for rent-related damages also require more explanation. Kin Lun offers no reason it is entitled to $32,784 for the "6 months rent" between June 1 and December 1, 2025, which it labels as "Payments Owed Over Anticipated Vacancy." ECF No. 17 at 3. Kin Lun similarly fails to show it is entitled to a further $32,784 for another six months of "Rent Abatement." *Id.* To the extent that these two six-month periods are part of the expected timeline for when Kin Lun can fully relet the building at fair market rates, as is suggested in the Williams Declaration, *see* ECF No. 17-4 at 6, Kin Lun faces the same hurdle as it does with the lost rent above—it must show why this timeline is consistent with expenditure of "reasonable effort" under the mitigation doctrine.

In addition to rent-related damages, Kin Lun also seeks $11,550 for "Engineer Costs to Repair Exterior," $97,089.67 for "Outside Structural" repairs, and $213,450 for "Restor[ing] Interior to Leasable Condition." ECF No. 17 at 3. The evidence submitted in support also fails to provide reasonable certainty to the Court that Kin Lun is entitled to such amounts. To begin with, Kin Lun submits only proposals in support of all three amounts—not invoices. ECF No.17-4 at 32–47. That is, the Court has no proof that this proposed work has even begun. This is not

inherently fatal to collecting such amounts; reasonably certain future damages can be awarded as part of a default judgment. *See Hill*, 328 F.3d at 684–85. Yet several of the exterior repair proposals are dated to mid-2024, and the interior restoration proposal is dated to December 2023—long before Kin Lun submitted its latest motion. ECF No. 17-4 at 32–47. Without an explanation for the delay, the Court cannot be reasonably certain that such values are indicative of the costs of repair that Kin Lun will actually undertake.

Finally, the evidence supporting other, smaller damages amounts lack indicia of reliability. For example, Kin Lun seeks "20% of the annual insurance premium due years 2023-2025 in the amount of $2,656.00," but the receipt ostensibly proving that $2,656 is due displays neither Kin Lun's name nor the insurance product paid for nor the address of the building purportedly insured. ECF No. 17-3 at 4. Instead, the only relevant information connecting the receipt to this dispute is the phrase "Verge Enterprise"—presumably a misspelling of Defendant "Verg Enterprises"—scrawled on the top of the receipt. ECF No. 17-3 at 4, 56. As another example, Kin Lun seeks over $1,500 in utility bills and $1,200 for an "Engineer Initial Review," but the only evidence provided for either of these sums is an unlabeled Excel spreadsheet created by Kin Lun itself. ECF No. 17 at 3; ECF No. 17-3 at 67–69. These documents do not—without other documents or a declaration explaining in more detail how they were created—prove up these amounts on their own.

For all these reasons, the Court will deny the motion and give Kin Lun a third bite at the apple. It is hereby **ORDERED** that Plaintiff's Amended Motion for Default Judgment, ECF No. 17, is **DENIED WITHOUT PREJUDICE**.

4

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: October 22, 2025

5